(109 App. Div. 180.)

### KEEFE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

MASTER AND SERVANT—INJURY TO BRAKEMAN—NEGLIGENCE.

Failure of defendant railroad company to have three brakemen on its train was not negligence, nor was it the proximate cause of the death of plaintiff's intestate, a brakeman thereon, where the train having parted between two crippled cars attached by a chain only, the forward portion of it was backed down near the rear portion, the other brakeman was sent to the rear to warn an approaching train, and intestate and the conductor went between the cars to make some kind of a coupling, and while they were working under or between them, the forward portion was backed, without signal, or on signal of the conductor or intestate, causing the accident, as a third brakeman could have done no more than the conductor could in having the front portion of the train backed properly, and the accident resulted from the negligence of intestate or his fellow servants.

Appeal from Trial Term, Oswego County.

Action by Eliza A. Keefe, administratrix of William J. Keefe, deceased, against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion on the minutes for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Thomas Burns, for appellant,

J. W. Shea, for respondent.

HISCOCK, J. This action was brought to recover damages for the death of plaintiff's intestate, alleged to have been due to defendant's negligence. Said intestate was a freight brakeman in the employ of the defendant at the time of his death, running from Watertown to Oswego. He was caught between some freight cars, and received injuries which resulted in his death.

The material circumstances attending the accident are as follows: Defendant dispatched a freight train containing at its rear several crippled cars, which were to be taken to Oswego for repairs. Upon some of these cars, at least, the couplers and buffers were missing, and the cars attached to one another by chains. When near Oswego, the train parted between two such cars. After a short distance, the separated portions of the train were stopped, and still later the intestate, under the directions of the conductor, "rode" the crippled car upon the rear of the forward section down to within a few feet of the rear section for the purpose of enabling a new coupling to be made between these disabled cars. The forward portion of the train, with the engine attached, and under the control of the engineer, remained a short distance away from these rear cars. The conductor dispatched one of the two trainmen to the rear to warn an approaching passenger train, and then, with the remaining brakeman, the intestate, got between the disabled cars for the purpose of making some sort of a coupling between them so that the freight train could proceed. While they were thus at work

under or between the cars, the forward portion of the train was moved against them, causing a collision, which crushed intestate and caused his death.

It was urged upon the trial, in behalf of the plaintiff, that there should have been a third brakeman upon the train, and that if there had been the accident would not have happened; and the trial judge allowed the jury to find a verdict in favor of plaintiff upon the sole ground that such third brakeman would have prevented the accident, and that defendant was negligent in not having provided him.

We think there are manifest reasons why the judgment based upon this theory cannot stand. The proof so clearly demonstrated it, that the trial judge charged that there was no evidence that three brakemen were ever employed upon any of the defendant's trains, or upon any other railroad. But if, notwithstanding this, it could be found that the defendant ought to have foreseen the necessity for a third brakeman, if it should accidentally arise under the circumstances disclosed in this case, we think it must be said that there was no necessity for such extra brakeman upon the occasion in question, and furthermore, that the absence of one was not the proximate cause of intestate's death.

Plaintiff largely bases her claim of defendant's negligence in not supplying an extra brakeman upon one of defendant's rules with reference to parted trains, and which rule reads as follows:

"If a train should part while in motion, trainmen must, if possible, prevent damage to the detached portions. * * * The front portion of the train [must be] kept in motion until the detached portion is stopped. The front portion will then go back to recover the detached portion, running with caution, and following a flagman."

It is urged that the two trainmen were employed as already stated, and that therefore there was no man to lead back the front portion of the train, as might have been done if there had been a third trainman.

Assuming that this rule is applicable to the train in question as it was situated at the time of the accident, it does not appear to us to sustain plaintiff's contention for the necessity of a third man. The front portion of the train was only a short distance from the cars under and about which the conductor and intestate were working. Manifestly, it was improper that this front portion should be moved down against the rear cars while the two men were at work thereunder. As soon as they had completed their work, and the proper time had arrived for starting the front section, there was nothing which would prevent either the conductor or the trainman from flagging it down to make a coupling, as provided by the rule in question. If the third brakeman had been present, it would have been improper for him to have moved the front portion down to the rear portion while intestate was at work under the cars, and after this work was completed, so far as appears, there was nothing to prevent the conductor or the trainman from discharging this duty. The accident clearly resulted, not from lack of sufficient employés, but from the carelessness either of intestate himself or

of that of his co-employé. The court charged, in accordance with the undisputed evidence, that the accident would not have occurred if the engineer had not moved the forward cars; and also that neither the engineer nor any one else had any right to move the front portion of the train or the detached cars until after a signal had been given by the conductor or trainman. He also charged that if the negligence, either of the engineer, fireman, or conductor, caused the accident, the plaintiff could not recover. The evidence leaves no doubt that either plaintiff's intestate or the conductor signaled the forward portion of the train to come back, or else that the engineer or fireman started the train back without any signals. If either the intestate or the conductor so signaled while intestate was at work under the cars so that he would be injured by the collision, it was clearly either negligence of the intestate himself or of a co-employé, which, under the charge, would bar a recovery. If, upon the other hand, the engineer, in disobedience of the rule already stated, and without any signal or authority, ran his portion of the train against the cars under which intestate was working, it was an act of negligence which would prevent a recovery, as charged by the court. Apparently the trouble was caused by this disobedience of rules. The conductor was called as a witness by plaintiff, and there was nothing in his evidence to indicate that he gave any signal, and it is likewise strenuously urged by counsel that the intestate gave none. If this be so, then the engineer, through some mistake or carelessness, caused the accident, for which no recovery could be had.

Various other reasons are urged by the appellant for a reversal of the judgment, but the views already reached by us upon the points discussed render it unnecessary to consider them.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event upon questions of law only, the facts having been examined, and no error found therein. All concur.